

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HELEN L. RANSOM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-1005-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
## and
## ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Helen L. Ransom, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) in Gatesville, Texas, against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as successive.

I. Factual and Procedural History

The history relevant to this case is set forth in the magistrate judge's findings and conclusions in *Ransom v. Dretke*, Civil Action No. 4:04-CV-0532-Y. Petitioner continues to serve

her 60-year sentence for her 1999 state court conviction for injury to a child-serious bodily injury in the 372nd District Court of Tarrant County, Texas, Case No. 0655861D. This is petitioner's third federal petition pursuant to § 2254 filed in this court challenging the same state conviction. *Id.* (dismissed on limitations grounds); *Ransom v. Quarterman*, Civil Action No. 4:09-CV-204-A (dismissed as a successive petition). The court takes judicial notice of the pleadings and state court records filed in petitioner's prior federal habeas actions.

## II. Successive Petition

Respondent asserts the petition should be dismissed as a successive petition. Resp't Ans 2-4, ECF No. 18. Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Petitioner raises four grounds in the instant petition, claiming double jeopardy, denial of a "full" jury trial, excessive

sentence, and a *Miranda* violation. Pet. 6-7, ECF No. 1. Petitioner's claims were or could have been raised in her first federal petition. Thus, as with her second § 2254 petition, this petition is successive on its face.

Petitioner has been instructed that before she may file a successive § 2254 petition, she must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Nevertheless, she urges that under the Supreme Court's decision in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), she can overcome the one-year statute of limitations upon a showing of actual innocence. Reply, ECF No. 24. However, *McQuiggin* applies only to a first-time federal habeas petition. Further, nothing in *McQuiggin* authorizes a district court to ignore or bypass the constraints under § 2244(b)(3)(A). *In re Warren*, 537 Fed. Appx. 457, slip op. (5th Cir July 29, 2013).

Petitioner has not demonstrated that she has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as successive.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated that the Fifth Circuit has authorized her to file a successive petition nor has she made a substantial showing of the denial of a constitutional right.

SIGNED March 26, 2014.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE